UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

Mert Duymayan,

        Plaintiff

v.

NV Energy,

        Defendant

Case No. 2:25-cv-00707-CDS-MDC

**Order Adopting Magistrate Judge's Report and Recommendation**

[ECF No. 7]

    Pro se plaintiff Mert Duymayan initiated this lawsuit against NV Energy for overcharging for electricity and disconnecting his service despite an automatic bankruptcy stay. Compl., ECF No. 1-1. He also moved for leave to proceed *in forma pauperis* (IFP). ECF No. 1. After reviewing the IFP application and complaint, United States Magistrate Judge Maximiliano D. Couvillier III denied Duymayan IFP status and issued a report and recommendation (R&R) that I dismiss the complaint without leave to amend because the court lacks subject matter jurisdiction over this case. R&R, ECF No. 7. Judge Couvillier found that because Duymayan asserts claims for violations of the automatic bankruptcy stay, he must bring those claims in bankruptcy court. *Id.* at 2–3.

    Duymayan had until June 4, 2025, to file any specific, written objections to the magistrate judge's findings and recommendations. *Id.* at 5–6 (citing Local Rule IB 3-2 (stating that parties wishing to object to the findings and recommendations must file specific written objections within fourteen days)); *see also* 28 U.S.C. § 636(b)(1)(C) (same). The time to object has passed and, over a month later, Duymayn has not responded in any way. It is well-established that "no review is required of a magistrate judge's report and recommendation unless objections are filed." *Schmidt v. Johnstone*, 263 F. Supp. 2d 1219, 1226 (D. Ariz. 2003); *see also Thomas v. Arn*, 474 U.S. 140, 150 (1985); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003).

Although de novo review is not required, I nonetheless conduct one here. The magistrate judge correctly finds that this court lacks jurisdiction to grant relief for claims alleging any violation of a bankruptcy stay. The Ninth Circuit recognizes that claims related to a bankruptcy stay are a core matter reserved to the bankruptcy court. *See In re Goodman*, 991 F.2d 613, 617 (9th Cir. 1993) ("The adversary proceeding involved: (1) allegations that the automatic stay was violated, a claim that is entirely dependent upon bankruptcy law for definition;. . .").

Judge Couvillier also concludes that the deficiencies found in Duymayan's complaint cannot be cured by amendment. ECF No. 7 at 3. Considering the apparent lack of subject-matter jurisdiction over Duymayan's claims and the nature of the allegations in his complaint, I agree that granting leave to amend would be futile. *Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995) (finding that pro se litigants should be given leave to amend unless it is absolutely clear that the defective complaint cannot be cured by amendment). Because this court lacks subject matter jurisdiction to address Duymayan's claims, I accept the R&R in full and dismiss this case without prejudice. However, the court acknowledges the magistrate judge's note and footnote about Duymayan's numerous cases filed in this district against various defendants, which have been dismissed immediately for similar reasons. ECF No. 7 at 5 n.1. Duymayan is cautioned that future frivolous filings may result in the entry of a vexatious litigant order against him, which would restrict his ability to file in this court.

## Conclusion

For those reasons, IT IS HEREBY ORDERED that the magistrate judge's report and recommendation **[ECF No. 7] is accepted and adopted**, and this case is **dismissed without prejudice**. The Clerk of Court is kindly directed to enter judgment accordingly and to close this case.

Dated: July 10, 2025

_____
Cristina D. Silva
United States District Judge